The sole issue on appeal is whether Colton Mason removed Elaina Worthington from the place where she was found. There is no serious doubt that he acted knowingly or that he used force to move her.
When R.C. 2905.02 was enacted in 1974, the Committee Comment to H.B. No. 511 with respect to R.C. 2905.02 read:
 This section defines a lesser included offense to kidnapping, distinguished mainly by the lesser degree of potential harm to the victim.
 The first two parts of the section prohibit removing another from the place where he is found or restraining him of his liberty under circumstances which pose a risk of harm to him or place him in fear. As in kidnapping, the removal need not be for a great distance, and the manner of restraint is unimportant. Unlike kidnapping, however, deception is not listed as one of the means to effect the removal or restraint, nor is any special exception made with respect to the means to abduct children and incompetents. Force or threats must be used in every case. Also, the risk of harm to the victim is less than that required in kidnapping, and it is sufficient if the victim is merely made to fear for his safety.
As noted in the Committee Comment "the removal need not be for a great distance."
The Committee Comment for R.C. 2905.01, "[k]idnapping," includes the following:
 An offense under this section does not depend on the distance the victim is removed or the manner in which he is restrained. Rather, it depends on whether the removal or restraint is such as to place the victim in the offender's power and beyond immediate help, even though temporarily. Thus, removal of the victim may be for only a short distance, such as from one car to another. * * *
The testimony in Mr. Mason's trial indicated that he grabbed Elaina's arm, pushed her against the wall and slammed her on the patio table. There facts fit either R.C. 2905.02(A)(1) or 2905.02(A)(2). In particular, the moving of her from a standing position to a horizontal position on the table was a moving or removing of her from one place to another which placed Elaina more thoroughly under Colton Mason's control. Hence, I believe an abduction was demonstrated. With these additional comments, I concur in the judgment of this court.